EDWARD LEONARD, APPELLANT, v. CHRISTOPHER C. FOSTER, RESPONDENT.

*Justice's court — Answer — amendment of, during trial — right to — absolute or discretionary — Statute of limitations — Pleading.*

In an action on a note dated March 1, 1858, brought in a justice's court, the defendant answered by a general denial and plea of payment and alleged further: "That the note is of no legal or binding force or validity if it had not been paid eleven years ago." After an adjournment for dinner the defendant's counsel asked leave to amend the answer by setting up payment, by applying certain goods that had been sold and delivered to the payee of the note; also by pleading the statute of limitations. The justice allowed the former and rejected the latter. *Held*, that, whether or not the right to such amendment was absolute or discretionary, the answer sufficiently set up the statute to justify and require the amendment if necessary.

APPEAL brought by the plaintiff from the judgment of the County Court of Chenango county, reversing a judgment rendered by a justice of the peace in favor of the plaintiff.

This action was commenced in a Justice's Court, in 1875, on a note made by the defendant and dated March 1, 1858. The defendant appeared in person and answered by a general denial and plea of payment, and alleged "that the note is of no legal or binding force or validity if it had not been paid eleven years ago." After an adjournment the defendant, at the opening of the court,

appeared by counsel who asked leave to amend the answer by setting up payment, by applying certain goods and chattels which had been sold and delivered by the defendant to Cole (payee of the note), and by pleading the statute of limitations. The justice allowed the amendment as to the payment in goods, etc., and rejected that as to the statute of limitations. Judgment was rendered for the plaintiff, which, on appeal to the County Court, was reversed on the ground of the refusal of the justice to allow the amendment of the answer asked for, by setting up the statute of limitations.

*George W. Ray*, for the appellant.

*Stephen Holden*, for the respondent.

*Per Curiam:*

Without deciding whether or not the right to amend an answer in a Justice's Court during the trial is absolute, or is discretionary with the justice, we think that, under the loose modes of pleading allowed in such courts, the answer sufficiently set up the statute of limitations to justify and require the amendment if necessary.

It is true that the language is not that of a lawyer. But, when we take into account that the note sued upon had been due sixteen years, and that the answer avers payment, and then adds that the note is of no legal or binding force if it had not been paid, we can see that the defendant intended to rely on some defense, which needed no other facts than those which appeared on the note. He did not say why it had no legal force. But the reason was apparent to any one who read the note, and the plaintiff must have been aware of it.

The judgment of the County Court should be affirmed with costs.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment of County Court affirmed with costs.